Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1395 | **DATE** | March 3, 2011 |
| **CASE TITLE** | Rodney Sullivan (#K-81485) v. Raymond Prusack | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#5] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $12.98 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Pontiac Correctional Center. However, pursuant to 28 U.S.C. § 1915A, the Court dismisses the complaint. This case is terminated. Plaintiff's motions for appointment of counsel [#4] is denied as moot and his motion to compel [#3] is denied as unnecessary. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

■[**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, Rodney Sullivan, presently in state custody at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Raymond Prusack, a defense attorney who was hired to represent him in his underlying state criminal case. Plaintiff alleges that Defendant Prusack violated his right to due process and to access to the courts by failing to file and pursue an appeal after Plaintiff's conviction for first degree murder. (*See* Plaintiff's complaint).

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.98. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

    Plaintiff is attempting to sue Defendant Prusack, his defense attorney, for an alleged constitutional violation. Defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). There is an exception to the general rule that defense attorneys are not state actors, if the defense attorney is alleged by Plaintiff to have conspired with state actors. *Logan v. Laterzo*, 24 Fed.Appx. 579, 582 (2001), *citing Tower v. Glover*, 467 U.S. 914, 923-24 (1984). Plaintiff does not allege such a conspiracy. In fact, his allegations appear to be those of a garden variety ineffective assistance of counsel. Plaintiff's claims against Defendant Prusack are, therefore, not actionable under § 1983.

    For these reasons, the Court dismisses the complaint pursuant to § 1915A. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. § 1915(g).

    Plaintiff's motion to compel Pontiac Correctional Center trust officials to release the i.f.p. certification is denied as unnecessary. As Plaintiff has failed to state a cause of action, his motion for appointment of counsel is denied as moot.

    If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).

*James F. Holderman*